UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GABRIEL SMITH,

                Petitioner,

        -against-

CNYPC, GREAT MEADOWS CORRECTIONAL
FACILITY,

                Respondent.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
18-CV-0208 (JMA)

FILED
CLERK

12:53 pm, Mar 29, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Gabriel Smith
    *Pro se Petitioner*

Jason R. Richards, Assistant District Attorney
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
    *Attorneys for Respondent*

**AZRACK, United States District Judge:**

Petitioner Gabriel Smith, proceeding pro se, petitions this Court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Currently pending before the Court is Respondent's motion to dismiss the petition. Respondent argues that Smith did not exhaust his state court remedies, and that his petition is untimely. (Resp't Mot. To Dismiss, D.E. 14.) For the reasons set forth below, Respondent's motion to dismiss is granted.

### I. BACKGROUND

Smith was convicted by guilty plea for physical assault against two different women in Nassau County. (Resp't Mot. to Dismiss, at ECF pp. 5-7.) In 2013, Ariel Hackett was dating Smith and moved into his apartment on August 20, 2013. (Resp't Mot. to Dismiss, at ECF pp. 5.)

1

Starting on August 25, 2013, and continuing through September 21, 2013, Smith physically assaulted Hackett by slapping her, punching her, and stomping on her feet and toes, striking her with objects such as a DVD player and spatula, and forcibly subjecting her to anal sex. (Id. at ECF pp. 5-6.) In September 2013, Hackett left the apartment, sought medical treatment, and reported the abuse to police. (Id. at ECF p. 6.) Smith was arrested and charged with three counts of misdemeanor assault. (Id.)

One year later, Smith physically and sexually assaulted his then-girlfriend Marion Glass over the course of two days, from October 15 through October 17, 2014. (Id.) The abuse inflicted by Smith was brutal and extensive, and included burning Glass with hot bulbs, stomping on her body with work boots, whipping her with an extension cord, slicing her with a razor blade, pouring acetone over her wounds, hitting her with various objects including furniture, and sexually assaulting her with his fingers and an unknown foreign object. (Id. at ECF pp. 6-7.) Glass suffered numerous injuries including a broken nose, punctured lung, fractured ribs, lacerations to her legs, bite marks, burn marks, and multiple other contusions and abrasions all over her body. (Id. at ECF p. 6.) The police responded to a report of a disturbance at the apartment on October 17, 2014 and arrested Smith. (Id. at ECF pp. 6-7.)

Smith was indicted for his conduct against both Ariel Hackett and Marion Glass in two separate indictments which were later consolidated. (Id. at ECF pp. 8-9.) Smith filed two speedy trial motions seeking dismissal of the indictments; both were denied. (Id.) On March 9, 2016, Smith pled guilty to two counts of Assault in the Second Degree, New York Penal Law § 120.05(2), pursuant to a negotiated plea agreement, which included a waiver of his right to appeal, in satisfaction of the consolidated indictments. (Id. at ECF p. 9.) On April 11, 2016, Smith was sentenced to two consecutive determinate terms of six years imprisonment, for a total of twelve

years' incarceration, followed by five years of post-release supervision. (Id.) Petitioner is currently incarcerated. (Pet., D.E. 1, at ECF p. 1.)

To date, Smith has not filed a notice of appeal in state court or sought leave to file a late appeal. Additionally, Smith has not filed any post-conviction collateral motions before the trial court. (Id. at ECF p. 10.)[1]

Smith brings the current petition for a writ of habeas corpus seeking relief from the judgment of conviction from the Nassau County Supreme Court on, conceivably, thirteen grounds, including: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial misconduct; (4) double jeopardy; (5) duplicitous counts on the indictment; (6) defective informations; (7) defective arraignment; (8) unlawful consolidation of indictments; (9) unlawful grand jury proceedings; (10) unlawful conviction; (11) unlawful arrest; (12) defamation of character; (13) and speedy trial violations. (Pet. at ECF pp. 2-3, 7-9.) In opposition, Respondent asserts that: (1) Smith's petition is untimely; and (2) that he failed to exhaust any of the claims raised in his petition. As such, Respondent argues the petition should be dismissed. (Resp't Mot. to Dismiss at ECF pp. 17-23.) Smith filed a reply on June 24, 2022, which, in large part, addresses the facts underlying his conviction, but also admits that he did not file any appeal in state court. (Reply, D.E. 18, at ECF p. 2.)

---

[1] The Court has confirmed that the information provided by Respondent is accurate as of the date of this Order, and that Smith has not filed any post-conviction motions or any requests for intervention by the Appellate Division.

## II. DISCUSSION

**A. Exhaustion**

"Before a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies." Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir. 2005) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b), (c)). To satisfy this exhaustion requirement, "a petitioner must have presented the substance of his federal claims to the highest court of the pertinent state." Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994) (internal quotations omitted). "A district court must dismiss any petition for habeas corpus . . . that contains issues not exhausted in state courts." McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

To properly exhaust claims resolvable on the state court record, a petitioner in New York "must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by the applying to the Court of Appeals for a certificate granting leave to appeal." Galdamez, 394 F.3d at 74. To exhaust claims based on matters outside of the record, a petitioner may bring a motion to vacate the judgment in the state court under C.P.L. § 440.10, and then seek leave to appeal to the Appellate Division any adverse ruling. Campos v. Smith, No. 15-CV-6580, 2017 WL 1025850, *2 (E.D.N.Y. Mar. 15, 2017); see also C.P.L. § 450.15(1).

Here, Smith never sought an appeal before the Second Department, and, as such, his conviction became final on May 11, 2016. Further, Smith has not filed any post-conviction collateral motions pursuant to C.P.L. § 440. All of Smith's claims on which he seeks habeas relief are clearly unexhausted. Accordingly, Petitioner's habeas petition is dismissed without prejudice

for failure to properly exhaust his state court remedies. Because the petition is unexhausted, the Court need not address the issue of timeliness, but notes that Smith's petition is also time-barred.[2]

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is granted, and the petition is dismissed as unexhausted. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated:  March 29, 2023
        Central Islip, New York

                                          /s/ (JMA)
                                          HON. JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE

---

[2] A conviction becomes final under AEDPA for purposes of the statute of limitations after the exhaustion of a defendant's direct appeals or, if no appeal has been filed, by the expiration of the time period for filing a direct appeal. 28 U.S.C. § 2244(d)(1)(A). Here, Smith did not appeal his conviction to the Appellate Division, and, as such, his judgment of conviction became final on May 11, 2016, 30 days after he was sentenced. See Gonzalez v. Thaler, 565 U.S. 134, 149-51 (2012); Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002). Smith did not file his petition until January 10, 2018, eight months after the statute of limitations expired on May 11, 2017. Smith fails to provide any explanation for the delay that would constitute equitable tolling, and, accordingly, his petition is time-barred. See Holland v. Florida, 560 U.S. 631, 649 (2010).